## JOB C. EATON v. THE CITY OF MONROE.

*Public works—Bond to secure payment for labor and material—
Construction of lien law.*

On the agreed facts in this case,—
> *Held*, that it does not fall within the provisions of Act 94, Laws
> of 1883, requiring the taking of a bond for the payment for labor
> performed or materials furnished in the erection of public build-
> ings under contract, etc.

Case made from Monroe. (Joslin, J.) Argued October
29, 1886. Decided November 4, 1886.

Action for failure to require bond under Act 94, Laws of
1883. Defendant brings error. Reversed, and judgment
rendered for defendant. The facts are stated in the opinion.

*J. P. Jaminet* (*O. A. Critchett*, of counsel), for appellant.
*C. A. Golden* (*B. Parker*, of counsel), for plaintiff.

CAMPBELL, C. J.   This case, upon agreement as to facts,
was brought to recover from the defendant corporation the
value of certain brick and lime furnished to a contractor en-
gaged in building a cistern for the city, and not paid for.
The city is sought to be held, for not, at the time of the con-
tract, requiring from its contractor a bond to pay his sub-
contractors and others furnishing labor and material.

The contract was made in August, 1885, and forfeited No-
vember 23, 1885, at which time the contractor had been fully
and apparently over paid, and the city completed the work at
a considerable loss in additional outlay. Eaton furnished
materials to Deigert, the contractor, October 1, 1885, to the
amount of $183.50, on which $51 was paid and no more.
Eaton gave no notice to the city of his claim. He got judg-
ment at the circuit.

The statute under which Eaton claims is Act 94 of the Laws of 1883, the first section of which provides that—

"When public buildings or other public works are about to be built, repaired, or ornamented under contract, at the expense of this State, or of any county, city, village, township, or school district thereof, upon which buildings or works liens might attach for labor or materials if belonging to private persons, it shall be the duty of the board, officers, or agents contracting on behalf of the State, county, city, village, township, or school district to require sufficient security, by bond, for the payment by the contractor, and all subcontractors, for all labor performed or materials furnished in the erection, repairing, or ornamenting of such building."

The second section provides for the form of the bond, to be executed to the people of the State, and approved by and deposited with the board, agent, or officer contracting.

The third section provides for its prosecution in the name of the people by the party interested, but not at the cost of the people in any case.

An amendment made in 1885, but not applying to this contract, removed the condition, before existing, confining the bonds to cases where a lien would exist if the work was done for private persons.[1] The city could not require a bond in this case unless it was within the scope of the lien law.

In the case before us the cistern was one of masonry, built in the ground, and covered. It could not be moved without destroying it. It was not built on land owned or rented by the city, but, under license from the school board, on the corner of a school lot.

It is not easily seen how this cistern, built and situated as it is, would have come within the lien law if built by a private person on the school lot in question. The contract provided for its being covered up deep enough to have no break made in the surface grade, and made no provision for the supply of water. No permission was given to occupy any

---

[1] Act No. 45, Laws of 1885.

additional land, or to appropriate the use of the surface. There was no lease, or definite and permanent license.

The lien law relied upon gives a lien on contracts made with the "owner, part owner, lessee, or person holding, under any land contract or otherwise, any interest in real estate;" and the lien extends "to the extent of the right, title, and interest of such owner, part owner, lessee, or person holding under such land contract or otherwise."[1] The consent of the school board, which was not in writing or by any formal resolution shown in the record, is mentioned by the common council committee in their report which was acted on, in connection with the permitted location of the cistern, as "being within reach of the school building and other valuable property."

It is not very clear that the cistern itself is such a building or structure as the lien law refers to. But that law, as amended in 1869, as well as since, refers to liens on "real property," and all the provisions indicate it. The notices are filed with the register of deeds. When the sale is made, it may be of the buildings separately, if severable, or land and buildings together, but the law does not permit any severance which will damage either land or building.

It is certain that the city held nothing in the land which was capable of sale to any one else, and equally so that the school board could not be held legally or equitably to allow any one to keep the cistern without the benefits against risk of fire secured by the occupation by the city.

It is claimed by counsel for the city, on these facts, that, whatever may be the effect of the law of 1885 on cases arising under it, the law of 1883 cannot apply to this cistern contract, because no lien could have attached had the contract been let by a private person to build it on the same premises. If so, the city was not bound to require any bond of the contractor. This point we think is well taken.

---

[1] How. Stat. § 8377; amended by Act No. 216, Laws of 1885; repealed and provisions re-enacted by Act No. 270, Laws of 1887.

Under the lien law the land-owner is not liable for any debt of the contractor to the extent of any more than remains due or to become due after the person furnishing labor or materials has taken steps to give the legal notice of his demand. Had timely notice been given to the city, it is altogether likely that something might have been done to protect all parties, whether legally bound or not.

As the statute gives no direct remedy against any one for not taking the bond, and as it covers State buildings, where it is very clear that the State cannot be held liable to claimants, we have serious doubts whether the city would be directly liable for the failure of officers to require a bond in a proper case; but, as this was not a case within the statute at all, we need not now consider that matter.

Judgment must be reversed, and judgment be given for defendant on the case brought up.

MORSE and CHAMPLIN, JJ., concurred. SHERWOOD, J., did not sit.