## CARLAND *v.* UNITED ENGINEERING CO.

1. MECHANICS' LIENS — STATUTES — PROCEEDINGS TO BE STRICTLY FOLLOWED.

   While all the proceedings required by the statute to create a mechanic's lien must be strictly followed, after the lien has once attached the statute becomes remedial and should receive a reasonable construction so that its provisions beneficial to the lienors be not frittered away.

2. SAME—NOTICE.

   All persons entering into contracts in which the construction of buildings is involved are chargeable with notice of the provisions of said statute.

3. SAME—INTEREST ATTACHED.

   Under 3 Comp. Laws 1915, § 14796, the lien attaches not only to the buildings erected, but to the interest of the party erecting them, the owner, part owner, or lessee.

4. SAME—LIEN ON BUILDING.

   Under section 14,798, if the person contracting for the erection of the building has no legal title to the land the lien attaches to the structure erected.

5. SAME—FORECLOSURE—SALE OF BUILDING ALONE IF SEVERABLE.

   Under section 14809, the court may order the sale of the land and buildings together, or the buildings separately if severable from the land.

6. SAME—DECREE MODIFIED.

Although the building upon which the lien attached was erected by one defendant on land belonging to another, under a contract to operate a plant therein for ten years, a decree ordering the sale of same, with option of removal in case of default in payment of amount found due, but without barring any future proceedings in case the purchaser did not carry out the terms of the contract, is affirmed, on appeal, but modified to provide that, in case of removal, the premises are to be restored to substantially the same condition as before the construction of the building.

Appeal from Lenawee; Hart (Burton L.), J. Submitted January 27, 1920. (Docket No. 61.) Decided February 27, 1920.

Bill by John C. Carland against the United Engineering Company, the Continental Sugar Company and others to foreclose a mechanic's lien. From a decree for plaintiff, defendant sugar company appeals. Modified, and affirmed.

*Herbert R. Clark,* for plaintiff.

*Baldwin & Alexander* and *B. D. Chandler,* for defendant appellees.

*John A. Riley* and *J. N. Sampson,* for defendant appellant.

SHARPE, J. The defendant sugar company operates a plant at the village of Blissfield, in Lenawee county, for the manufacture of beet sugar. Among its waste products was a liquid known as Steffens water. This it was compelled to store at some expense, as it developed an offensive odor and could not be run into the river. The defendant engineering company believed that by a process of evaporation this waste product could be converted into a valuable by-product, and apparently so convinced the sugar company. On June 6, 1917, an agreement was entered into between these corporations whereby the engineering company,

at its own expense, agreed to install a plant for such purpose on a part of the sugar company's premises, the net profits to be divided between them. The contract was to terminate in 10 years from October, 1917. The sugar company had the option to purchase at any time after three years. With the additional, or more specific, provisions of this contract, we are not herein concerned.

The engineering company, on August 17, 1917, let to the plaintiff, as J. C. Carland & Company, the job of constructing and installing the plant. In such construction, the other defendants furnished labor or materials. Payment not having been made by the engineering company, liens were filed therefor. Plaintiff filed the bill in this case to foreclose his lien, and the other defendants ask similar relief under the statute. There is no dispute about the amounts due, nor as to the legality of the proceedings. It appears that the plant was fully completed and operated for a few months, but was then closed because its operation was not profitable. The decree fixes the amount due to the plaintiff and defendants, and finds such amounts to be a "lien upon said refining or potash plant, equipment and appurtenances and leasehold rights," and orders the engineering company to pay the same on or before July 7, 1919, and, in default thereof—

"that all and singular the said premises, or so much thereof as may be sufficient to raise the several amounts as aforesaid decreed to be due the parties, respectively, with interest thereon and the costs in this case and the costs and expenses of sale, together with said leasehold rights, be sold at public auction, * * * that the purchaser or purchasers at such sale shall have the option of removing said plant and buildings from said lands, in which event all leasehold rights in and to said lands, acquired at such sale by such purchaser or purchasers, shall terminate."

After other usual provisions, the decree concludes:.

"And it is further ordered, adjudged and decreed that if the purchaser or purchasers at the sale do not carry out the terms of said contract, dated June 6, 1917, between the defendants, the Continental Sugar Company and the United Engineering Company, relating to the construction of the plant and buildings upon which the liens herein allowed have been decreed to attach, this decree shall not bar future proceedings for defaults under said contract, and shall in no way change the duties or liabilities of the parties, their successors or assigns, growing out of and by virtue of said contract."

From this decree, the Continental Sugar Company appeals. Its claim is thus stated by its counsel:

"It is the claim of the appellant that even though there should be a sale of the property against which liens are claimed, it should be a sale only of the rights of the United Engineering Company under its contract without in any way impairing the contract rights of the Continental Sugar Company. As we understand it, a purchaser at such a sale would take the rights of the United Engineering Company charged with the performance of the contract, the same as would be required of the engineering company. This would mean the continued operation of the plant during the period of ten years, subject to purchase by the Continental Sugar Company in case it so elected under the contract."

Counsel rely on *Wagar* v. *Briscoe,* 38 Mich. 594, in which it is said:

"The lien is to attach to the contractor's entire interest in the land and its additions made by aid of the contract, but it cannot exceed the interest of the contracting party."

While all the proceedings required by the statute to create a lien in this class of cases must be strictly followed, after the lien has once attached the statute becomes remedial and should receive a reasonable construction so that its provisions beneficial to the lienors be not frittered away. *Smalley* v. *Terra-Cotta Co.,*

113 Mich. 141; *Lacy* v. *Power & Heat Co.*, 157 Mich. 544. All persons entering into contracts in which the construction of buildings is involved are chargeable with notice of its provisions. The lien attaches, not only to the buildings erected, but to the interest of the party erecting them, the owner, part owner, or lessee (3 Comp. Laws 1915, § 14796). If the person contracting for the erection of the building has no legal title to the land, the lien attaches to the structures erected (§ 14798). Under section 14809, the court may order the sale of the land and buildings together, or the buildings separately, if severable from the land. *Eaton* v. *City of Monroe*, 63 Mich. 525.

In view of these several provisions of the statute and of the construction which should be given them by the courts, we are of the opinion that the decree should be upheld. Should the purchaser remove the buildings, we think the claim of the sugar company that the premises should be restored to substantially the same condition as before the construction of the plant is well founded.

A decree will be entered here modifying the one appealed from in that respect. Otherwise, it is affirmed. As the sugar company obtains substantial relief, it will recover its costs in this court.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, and CLARK, JJ., concurred. BIRD, J., did not sit.