LEVERENZ LUMBER & BUILDING CO. *v.* RICKELS.

1. MECHANICS' LIENS—APPLICABILITY OF EQUITABLE PRINCIPLES.
   Although mechanic's lien is unusual remedy, created by statute, and may not be enlarged beyond scope of statute by equitable principles, yet, after lien has once attached, equitable principles will prevail to carry out purposes of statute.

2. SAME—LIEN CLAIMANTS ENTITLED TO LIEN ON BUILDING WHERE TITLE TO LOT IN THIRD PARTY—HUSBAND AND WIFE.
   Where, at time contract for erection of home was signed by husband and work begun, he claimed to own the lot on which it was to be erected, subcontractors furnishing labor and material are entitled to lien on building under mechanics' lien law (3 Comp. Laws 1915, § 14798), although the wife never signed the contract, and subsequent to its execution the lot was conveyed to husband and wife by entireties, and deed withheld from record.

Appeal from Wayne; Jayne (Ira W.), J. Submitted April 11, 1930. (Docket No. 92, Calendar No. 34,886.) Decided June 2, 1930.

Bill by Leverenz Lumber & Building Company, a Michigan corporation, against Gerhart H. Rickels and others to foreclose a mechanic's lien. Cross-bills by Emanuel Klein and other lien claimants for foreclosure of their respective liens. From a decree for certain of the lien claimants, defendant Otto C. Hoppe appeals. Affirmed.

*Frank Day Smith,* for plaintiff.

*Frank B. Ferguson* and *R. Wendell Brown,* for defendant Emanuel Klein.

*Monaghan, Crowley, Reilley & Kellogg,* for defendant Otto C. Hoppe.

Butzel, J. Defendant Gerhart Rickels, a building contractor, on the 27th day of April, 1928, entered into a contract with defendant Otto C. Hoppe, for the construction of a house in the city of Detroit, Michigan. Hoppe paid Rickels the sum of $500 as a first payment upon the execution of the contract. The photostatic copy of the contract attached to the record shows that the description of the lot was omitted. The contract was drawn by filling in a printed form, in which the space to be filled in with the description of the property was limited to a quarter of a line. Rickels testified that on account of this lack of space the description of the lot was not inserted, but that Hoppe told him that he had purchased lot No. 37 in the Burleigh Park subdivision of P.Cs. 126 and 127, Detroit, and, in reliance upon this statement, Rickels signed the contract and began work the following day. Hoppe claims that on April 27, 1928, he was not certain whether to purchase lot No. 37 aforesaid or another lot on which he had made a deposit, and for this reason the description was omitted from the contract. The fact that Hoppe was willing to make a deposit of $500 on the building contract, and the further corroborative testimony of one Samyn, an excavator, that he began to excavate lot No. 37 on the following day under a subcontract with Rickels, lend credence to Rickels' testimony, notwithstanding the fact that the contract of purchase for the lot with one Teppert, the prior owner, is dated May 1, 1928, to which day the abstract was extended. The contract of purchase runs to Hoppe and his wife, defendant Evelyn Hoppe, to both of whom a deed

from Teppert was executed a few days later. It is admitted that this deed was not recorded up to and including the time of the hearing in the lower court, and that the title, as far as the records in the register of deeds' office show, remained in Teppert. Hoppe claims that he lent the abstract to Rickels so that Rickels could use it to check up the dimensions of the lot, but he also states that Rickels knew the lot and had first suggested its purchase to him. Evelyn Hoppe did not testify on account of a very serious illness, and is not an appellant in the present case; she has died since the case was heard in the lower court. On May 14, 1928, or thereabouts, Hoppe loaned Rickels the deed from Teppert in order to procure a building permit from the bureau of licenses and permits of the city of Detroit. This permit runs to defendant Otto C. Hoppe alone.

Plaintiffs furnished labor and materials for the construction of the house under subcontracts with Rickels. The first of such labor and materials was furnished after May 3, 1928, the day Hoppe and wife took title by unrecorded deed. It is conceded that the liens are regular in form and the amounts claimed thereunder are due claimants, provided valid liens can be created under subcontracts with a main contractor whose contract was signed only by the husband, although within a very few days after the execution of the contract, and prior to any labor or materials being contracted for from lien claimants, the title of the property became vested in the husband and wife as tenants by the entirety by an unrecorded deed. The testimony was taken before a court reporter and submitted to the circuit judge, who rendered a decree upholding the validity of the liens.

Appellant claims that the case is governed by section 2 of the mechanics' lien law (section 14797, 3 Comp. Laws 1915), which provides that a lien accrues against property owned by husband and wife by the entirety when the contract for the labor and material is signed by both of them. The lien claimants, on the other hand, claim that their liens are valid under the third section of the mechanics' lien law (section 14798, 3 Comp. Laws 1915), which provides that in the event a person contracts for a new building on property to which he has no title, the lien claimant shall have a lien on the new building but not on the land. This court has held frequently that a mechanic's lien is an unusual remedy, created by statute, and cannot be enlarged beyond the scope of the statute by equitable principles. On the other hand, after a lien has once attached, equitable principles will prevail to carry out the purposes of the statute. The circuit judge in his opinion held that the case came within the rule laid down in *Holliday* v. *Mathewson,* 146 Mich. 336, where a somewhat similar question arose and a lien on the building and not on the land was upheld, although the contract was signed solely by the husband for a building on property that was to be and did become the homestead of husband and wife.

In his opinion the trial judge attempted to distinguish the present case from *Bauer* v. *Long,* 147 Mich. 351 (118 Am. St. Rep. 552, 11 Ann. Cas. 86); *Sheldon, Kamm & Co.* v. *Bremer,* 166 Mich. 578, and *Restrick Lumber Co.* v. *Wyrembolski,* 164 Mich. 71. In *Bauer* v. *Long, supra,* the lien was held void because at the time the contract was made the title to the property was vested in husband and wife but the contract was not signed by both of them.

In *Sheldon, Kamm & Co.* v. *Bremer, supra,* the court was divided in its conclusions. In denying the right of a subcontractor to a lien on entirety property, when the contract was signed by the husband alone, the court in the majority opinion said:

"Complainant is a subcontractor. When it began to furnish material, the title to the land was held by Galbraith and his wife, by entireties. The original contract was made by Galbraith, who at the time had no title to the land. Assuming, which I am not willing to do, that the subcontractor may rely upon the state of the title at the time the original contractor began to furnish material or labor, complainant is not aided, because at that time the land was owned by entireties, and the improvement was begun upon land thus owned. If the court is to continue to hold, as it has heretofore held, that a mechanic's lien must rest in strict right, and not upon mere equities, complainant is entitled to no relief."

The property was owned by the entireties and the deed had been recorded before the general contractor began his work, conditions that do not exist in the case at bar. In the minority opinion of the court, sustaining the lien as far as the building was concerned, Mr. Justice HOOKER, at page 585, stated as follows:

"The situation may be succinctly stated thus: The wife owned this land. Had she retained her title, a valid lien would have existed upon the house. Had she conveyed the title to the husband, the lien would have been good as to both land and house. Can she by conveying to him, creating and reserving an estate by entireties (which is practically what she did), exempt both house and land as to both of them? Had this been done with the intent to over-

reach the contractor, would it not be a fraud that would fail of its purpose, and, although lacking in moral turpitude, can it be permitted to accomplish such a wrong?"

The case of *Restrick Lumber Co.* v. *Wyrembolski,* *supra,* could not be so easily distinguished were it not for one important element which enters into the present case and does not exist in any of the cases just referred to. If the contract was made with Hoppe at a time, as he claimed, when he had no interest whatsoever in the property and after the first materials were furnished under the contract, then the title was in Teppert, and, under section 14798, 3 Comp. Laws 1915, the liens of claimants would be good, unless voided by reason of the fact that subsequent to this time the deed ran to both Hoppe and wife. We believe, however, that lien claimants had the right to rely upon the title as it stood at the time that Rickels made his contract with Hoppe, unless by actual or constructive notice it was brought to their knowledge or attention that Hoppe and wife had taken title by the entireties. The deed from Teppert to Hoppe and wife for some reason not disclosed was never recorded. Under the circumstances, we believe that, inasmuch as there is absolutely no testimony showing that any of the lien claimants knew or had reason to know that the deed ran to Hoppe and wife by the entireties, they had a right to rely upon the record title, which showed Teppert as the owner, or else upon the showing that Hoppe was the owner of the property as evidenced by Rickels' testimony and the contract itself. In either event, they would therefore have a right to a lien on the building alone and not upon the land. To hold otherwise would open the door to fraud and enable a dishonest owner of property to

avoid the provisions of the lien law. It would enable one, after entering into a contract, to deed property to himself and wife, withhold the deed from record, and then claim the defense that is made in the present case.

Error is claimed in admitting the testimony of Samyn, the excavator, who first testified as to the date when he began work by referring to the memorandum which he had taken from his books. He, however, stated that he had merely consulted his books to refresh his memory. It is not necessary for us to discuss this claim. Appellant did not demand the production of the books. Samyn swore positively that he remembered without looking at his books that he began excavating in the month of April, which was prior to the time Hoppe claims he purchased the property.

The decree of the lower court is affirmed, with costs to plaintiff.

WIEST, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.