HEALY v. TOLES.

1. Mechanics' Liens—Statutes.
   The mechanics' lien law may not be extended by equitable principles (3 Comp. Laws 1929, § 13101).

2. Statutes—Legislative Intent—Ejusdem Generis.
   The principle of statutory interpretation known as *ejusdem generis* can be used only as an aid in ascertaining legislative intent, not for purpose of controlling it or confining operation of a statute within narrower limits than was intended by lawmaker.

3. MECHANICS' LIENS—EJUSDEM GENERIS—CANALS.

"Structure" as used in mechanics' lien law following the words "house, building, machinery, wharf," in naming objects and purposes for which lien may be granted, *held*, not to include "canals" under the principle of *ejusdem generis* (3 Comp. Laws 1929, § 13101).

4. SAME—EXCAVATION FOR BRIDGE ABUTMENTS—INTERMINGLING WITH NONLIENABLE ITEMS.

Claim of lien for excavating for bridge abutments fails where indefinite, uncertain and intermingled with claim that is for nonlienable canal excavation work (3 Comp. Laws 1929, § 13101).

Appeal from Macomb; Spier (James E.), J. Submitted January 25, 1934. (Docket No. 90, Calendar No. 37,561.) Decided April 3, 1934.

Bill by Stephen A. Healy against C. W. Toles, receiver of William Z. Campbell Land Company, and others to foreclose an alleged mechanic's lien. Decree for defendants. Plaintiff appeals. Affirmed.

*Monaghan, Crowley, Reilley & Kellogg* (*Crawford S. Reilley, O. R. McGuirk* and *Edward T. Kelley,* of counsel), for plaintiff.

*Yerkes, Goddard & McClintock* (*James I. McClintock* and *Frank W. Donovan,* of counsel), for defendant Equitable Trust Company.

BUTZEL, J. Stephen A. Healy duly filed a statement of lien in which he claimed the sum of $102,959 for the building, deepening, excavating and leveling of certain canals and the filling in of lands and premises, in St. Clair Haven and St. Clair Haven No. 1, two adjoining subdivisions in Harrison township, Macomb county, Michigan. The instant suit for the enforcement of this lien was brought against the

William Z. Campbell Land Company, as owner, C. W. Toles, as receiver for the land company, Fidelity Trust Company, as trustee of a large trust mortgage on the lands, and the Equitable Trust Company as successor trustee. The lands consist of approximately 300 acres, the larger part of which was originally marshy and of but little value, until properly drained and made accessible. Plaintiff's work consisted in digging canals through the lands, and thus reclaiming them. We shall limit our discussion to whether this work was of such a nature as to entitle plaintiff to a lien under 3 Comp. Laws 1929, § 13101. We need not consider the many other questions raised on the appeal.

The land, abutting on Lake St. Clair on the east and on the Clinton River at the extreme north, is divided into two large subdivisions adjoining one another. They were treated largely as a unit in the performance of the work and the filing of the lien. The Black River, a small stream running into Lake St. Clair, winds through the property. The subdivisions were evidently laid out by a landscape architect, and were divided into more than 2,000 large lots. Canals were either dug, or ditches deepened and widened, by plaintiff, so that almost all of the lots front either upon the canals, the lake, or the rivers. Roadways were subsequently built in the rear of the lots, making them accessible to vehicles. Provision also was made for the building of bridges, though the record is not clear as to how many were constructed. The canals, as a rule, were of a uniform width of 60 feet, and of a varying depth, reaching eight feet in many places. Plaintiff, by the use of steam shovels and other machines, did the excavating, and threw the earth as removed upon the banks of the canal, where it was used by others, not em-

ployed by plaintiff, to grade the property. The sides of the canals were cut at a slant so as to minimize accretion and erosion.

Although plaintiff performed a valuable service, and the equities all favor his claim, the mechanics' lien law may not be extended by equitable principles. *Leverenz Lumber & Building Co.* v. *Rickels,* 251 Mich. 57. The mechanics' lien statute in its present form (3 Comp. Laws 1929, § 13101) grants a lien to every person who shall "build, alter, improve, repair, erect, ornament or put in * * * any house, building, machinery, wharf or structure, or who shall excavate, or build in whole, or in part, any foundation, cellar or basement for any such house, building, structure or wharf, or shall build or repair any sidewalks or wells."

No mention is made therein of a ditch or canal. The only possible theory under which the construction of a ditch or canal might be brought within the purview of this statute would be to include it under the term "structure" as used therein. It will be seen, however, that this term, as employed in the statute, must have reference to the words which precede it, viz., "house, building, machinery, wharf." The principle of statutory interpretation known as *ejusdem generis* applies. In *People* v. *Gould,* 237 Mich. 156, 160, we quoted with approval the rule as laid down in 2 Lewis' Sutherland Statutory Construction (2d Ed.), p. 832:

"This rule can be used only as an aid in ascertaining the legislative intent, and not for the purpose of controlling the intention or of confining the operation of a statute within narrower limits than was intended by the law-maker. It affords a mere suggestion to the judicial mind that where it clearly appears that the law-maker was thinking of a par-

ticular class of persons or objects, his words of more general description may not have been intended to embrace any other than those within the class. The suggestion is one of common sense.''

We also quoted from *McDade* v. *People,* 29 Mich. 50:

"It is a well-settled general rule, and one especially applicable in the interpretation of statutes which define crimes and regulate their punishment, that general words are to be restrained to the matter with which the act is dealing, and that if it be dealing with specific things or particular modes only, the general words must be limited to such things or modes, except when it is apparent that the legislature intended by the general words to go further.''

The history of the development of the mechanics' lien law plainly shows that the legislature, in using the word "structure," intended to limit the term to a particular class of objects, similar to those specifically set forth in the statute. The present law as enacted in 1891 (Act No. 179, Pub. Acts 1891) granted a lien only to persons who built, altered, improved, etc. "any house, building, machinery, wharf, or structure.'' Thereafter, whenever the legislature deemed it advisable to extend the act so as to include structures wholly dissimilar in character from those specifically enumerated in the lien law, amendments were made to the statute. Thus, in 1903, by Act No. 17, Pub. Acts 1903, the law was amended to include the building or repairing of sidewalks. Act No. 121, Pub. Acts 1909, extended the law to apply to any foundation, cellar, or basement for any such house, building, structure, or wharf. The statute was again amended in 1919 (Act No. 140, Pub. Acts 1919) so as to include the building or repairing of wells.

It is apparent from this history, as well as from the manner in which the title to the lien law and section 1 thereof (3 Comp. Laws 1929, § 13101) are set up, that the legislature in using the word "structure" meant to include only objects similar in character to a house, building, machinery, or wharf. Clearly canals, which are merely ditches, do not fall within this category.

The statute has been construed as above suggested, by the application of the principle of *ejusdem generis,* in the cases coming before this court. In *McClintic-Marshall Co.* v. *Ford Motor Co.,* 254 Mich. 305 (77 A. L. R. 807), we quoted with approval both the cases of *Pennsylvania Steel Co.* v. *J. E. Potts Salt & Lumber Co.,* 11 C. C. A. 11 (63 Fed. 11), and *Detroit Trust Co.* v. *Railway,* 159 Mich. 442. The Federal case was decided by the circuit court of appeals for the sixth district, consisting of Judges Taft, Lurton and Severens, two of whom subsequently became justices of the supreme court of the United States. The question presented was whether a mechanics' lien could be maintained under the Michigan statute for the furnishing of steel rails in connection with the construction of spur tracks on a logging railroad. The general principles of construction were applied to the act, and it was held that the words "other structure," following, as they do in the Michigan statute, such limiting and localizing words as "house, building, machinery, wharf," could not reasonably be said to include a railroad. In reaching this conclusion the court was also much impressed by the restriction of the lien, in the latter part of this section of the act, to a maximum of one quarter section of land. It is to be noted that in the instant case plaintiff is attempting to maintain a lien against approximately 300 acres of land.

The question is finally determined by our recent decision in *Bezold* v. *Beach Development Co.,* 259 Mich. 693, in which we held plaintiff not entitled to a lien for the value of materials furnished for the construction of roadways and parking grounds and drain tile to drain the lands. If roadways, parking grounds, and drains are not structures within the meaning of the mechanics' lien law, certainly canals or ditches cannot be so considered.

We need not discuss the claim made by plaintiff, but not stressed, that a part of this work consisted of excavating for abutments for bridges on the property. Even were plaintiff entitled to a lien on that account, it could not be allowed here. Neither the number of such bridges nor the amount claimed for the work done in that connection is set forth. Furthermore, the claim is not segregated in any manner, but is indefinite and uncertain, and completely intermingled with the general claim. Under these circumstances, the lien must fail. *Bezold* v. *Beach Development Co., supra.*

Our attention is called to a few cases in other jurisdictions, particularly those of western States, where irrigation ditches are common, and the law expressly provides for a lien for the digging of ditches. However, these cases are not applicable here, inasmuch as our decision is necessarily based upon the statute of this State.

We are constrained to hold that plaintiff was not entitled to a lien, and that the trial judge therefore correctly dismissed the bill. The decree of the lower court is affirmed, with costs to the defendants.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.