SMALLEY *v.* NORTHWESTERN TERRA-COTTA CO.

| 113 | 141 |
|-----|-----|
| 114 | 106 |

| 113 | 141 |
|-----|-----|
| 124 | 669 |

| 113 | 141 |
|-----|-----|
| 147 | ¹389 |

| 113 | 141 |
|-----|-----|
| 154 | ¹455 |

| 113 | 141 |
|-----|-----|
| 157 | ¹546 |

1. MECHANICS' LIENS—STATUTES—RULE OF CONSTRUCTION.
   Mechanics' liens are in derogation of the common law, depending for their existence wholly upon the statute, and therefore, upon the question whether a lien attaches at all, a strict construction of the statute is proper; but, after the lien has once attached, a liberal construction should be put upon the statute, for the purpose of fulfilling its objects.

2. SAME—DIRECTORY PROVISIONS—FILING OF PROOF OF SERVICE.
   Failure of a claimant under the mechanic's lien law to file with the register of deeds, before commencing proceedings to enforce his lien, proof of service upon the owner of a copy of the statement of lien, will not invalidate the proceedings as to such owner, where all of the steps to establish the lien have been regularly taken, and the owner's rights have been fully protected.

3. SAME—PLEADING—AMENDMENTS—STATUTE OF LIMITATIONS.
   Section 10 of the mechanic's lien law (Act No. 179, Pub. Acts 1891) provides that amendments may be made to any bill or cross-bill at any time before final order. Section 27 provides that amendments to any process, pleadings, or proceedings, either in form or substance, shall be allowed at any time before final decree is rendered, upon such terms as justice may require. *Held*, that an amendment to an answer in the nature of a cross-bill may be allowed in such proceedings, if it seeks, not to introduce a new cause of action, but to state properly the facts which constitute the cause of action set up in the original answer, even though the statute of limitations would bar a new bill.

4. SAME—ANSWER IN NATURE OF CROSS-BILL.

> Section 10 of the mechanic's lien law (Act No. 179, Pub. Acts 1891) requires the complainant in lien proceedings to make all persons having rights affected by the lien claimed, all holding like liens, and all who have filed notice of an intention to claim a lien, parties to the action; authorizes such persons to make themselves parties, on motion and notice to complainant, and to file their intervening or cross bills, or answers claiming the benefit of cross-bills, and notices of *lis pendens* therein; and provides that such cross-bills shall be sworn to, and shall be evidence of the matters therein charged, unless denied by answer under oath. *Held*, that a defendant may obtain affirmative relief against a co-defendant by an answer in the nature of a cross-bill; it being clear that the statute contemplates that all the parties in interest may be brought into court and have their respective interests adjudicated in one proceeding.

Appeal from Wayne; Adams, J., presiding. Submitted April 8, 1897. Decided May 28, 1897.

Bill by William Smalley and others against the Northwestern Terra-Cotta Company, impleaded with Traugott Schmidt and others, to enforce a material man's lien. The defendant company filed an answer in the nature of a cross-bill, to which defendant Schmidt demurred. From an order dismissing the answer in so far as it claimed the benefit of a cross-bill against defendant Schmidt, the Northwestern Terra-Cotta Company appeals. Reversed.

*Warner, Codd & Warner*, for appellant.

*Walker & Spalding*, for appellee Schmidt.

*H. H. & C. H. Hatch*, for appellees Smalley and others.

MOORE, J. The defendant Schmidt, the owner of land in Detroit, in the spring of 1895, contracted with Mr. Gearing, a building contractor, for the erection of a business block thereon. In the fall of 1895, when the building was partially completed, a number of material

men filed liens against the lot and building for materials which they severally claimed to have furnished to Mr. Gearing. The original bill of complaint in this cause was filed in January, 1896, for the enforcement of one of these liens, and the other lien claimants and the defendant Schmidt, as owner of the land and building, were made defendants. On March 17, 1896, the defendant the Northwestern Terra-Cotta Company, one of the lien claimants, filed an answer in the nature of a cross-bill. praying for the enforcement of its lien, which was filed on the 14th day of November, 1895. To this answer, in so far as it claims the benefit of a cross-bill, the defendant Schmidt filed a general demurrer on the 19th day of March, 1896. On January 2, 1897, the court sustained the demurrer, upon the ground that the answer failed to show that any copy of the statement of lien filed with the register of deeds was served upon the defendant Schmidt, and that it failed to show that any proof of service of a copy of that statement upon said defendant Schmidt was filed in the office of the register of deeds before the institution of proceedings to enforce the lien. The order gave leave to amend. Upon the same day an amended answer was filed, setting up the service of a copy of the statement upon Schmidt on the 22d day of November, 1895, and averring that on the 11th day of December, 1896, proof of that service by affidavit was filed in the office of the register of deeds. Immediately upon the filing of this amended answer, a demurrer thereto was filed, setting up the following grounds of demurrer :

1. That the order permitting the filing of this amended answer in the nature of a cross-bill, and the filing thereof, were unauthorized and unwarranted by law, because the order itself was made and the amended bill was filed more than six months after the time when the statement of the lien of the Terra-Cotta Company was filed with the register of deeds.

2. Because the proof of service of said statement of lien upon the defendant Schmidt, as averred in said amended

answer in the nature of a cross-bill, was filed with the register of deeds more than six months after the time when the statement of lien was filed, and after the filing of the original answer in the nature of a cross-bill for the enforcement of said lien.

3. Because the court had no power, under an answer in the nature of a cross-bill, to grant to the defendant filing such answer any relief against a co-defendant or against the property of such co-defendant.

Upon the same day, January 22, 1897, this demurrer was sustained, and the amended answer in the nature of a cross-bill, in so far as it claims the benefit of a cross-bill against the defendant Schmidt and his property, was dismissed. From this order the Terra-Cotta Company takes the present appeal. No demurrer or other objection was filed by any other person than defendant Schmidt to this answer in the nature of a cross-bill.

It is the claim of appellee Schmidt that the law makes the following things necessary conditions precedent to the taking of proceedings for the enforcement of a lien by any person not contracting directly with the owner:

1. Filing with the register of deeds a statement of lien within 60 days after the last furnishing of labor or material.

2. Service upon the owner or his agent, personally, of a copy of the statement within 10 days after the filing, or, if neither owner nor agent can be found within the county, service by posting on the premises within 5 days more.

3. Filing proof of such service with the register of deeds before the commencement of proceedings to enforce the lien.

He contends that, as the taking of these steps is made by the statute prerequisite to the enforcement of the lien, the performance and the averment of performance of each of them are necessary allegations in any bill to enforce such a lien, and that, as an original bill could not be filed for that purpose more than six months after the lien was filed, neither could a bill filed within six months, but omitting any of these necessary allegations, be so amended as to include them after the six months had ex-

pired. It will be observed that the amended answer shows that all these conditions were performed, except the filing of the proof of the service of the notice with the register of deeds, before the commencement of the proceedings to enforce the lien. The question, then, is whether, when all the steps to establish a lien have been taken, except the filing with the register of deeds of proof of service of the statement of lien on the owner before commencing proceedings to enforce the lien, the proceedings must fail.

It is the contention of the appellee that, as this is a proceeding in derogation of the common law, the statute must be strictly construed, and, as the pleadings do not show a compliance with the law, the proceeding must fail. It is admitted on the part of the appellant that, as to all those requirements of the statute necessary to create the lien, the statute is mandatory, and must be followed; but it is claimed that, after the lien is once established, its provisions are directory, and that if such steps are taken as fully protect the owner, as in this instance, by giving him notice of the claim within the time fixed by statute, he is not harmed, and cannot complain.

It has long been the settled law in this State that these proceedings are purely statutory, and that, to create a lien under them, the statute must be followed in all its essentials. *Wagar* v. *Briscoe*, 38 Mich. 587; *Peninsular General Electric Co.* v. *Norris*, 100 Mich. 496; *Hannah & Lay Mercantile Co.* v. *Mosser*, 105 Mich. 18. In the case of *Sheridan* v. *Cameron*, 65 Mich. 680, which was a proceeding to enforce a mechanic's lien, where the proceedings were attacked on the ground that they were prosecuted too late and irregularly, the petition was filed within the 60 days allowed by statute, but it did not contain a prayer for process. The notice of *lis pendens* was filed after the 60 days expired. It was claimed that for these reasons the proceeding must fail. In discussing the case, Justice CAMPBELL said:

"The plea does not set up a failure to file notice of *lis pendens* as a defense, and it is not, therefore, in issue; but, taking the whole statute together, it seems that its chief purpose is to bind subsequent interests, and to serve the same purpose as notices of *lis pendens* under the general chancery practice. At all events, no other purpose is indicated on the face of the statute, and it hardly seems necessary as against the original parties to the bill, unless, possibly, during the interval before service of process or other notice to come in. * * * The claim made that the lien law is to be rigidly construed is not correct, in the full extent claimed. There is no doubt that a purely statutory lien must conform exactly to the statutory conditions; but when it once attaches, and is put in process of foreclosure, the proceedings, while in part definitely fixed, are nevertheless in important particulars left to the general course of practice. No construction should be strained at in order to defeat them, but the rights of all parties should be harmonized and respected as far as is reasonably practicable."

In the case of *Mouat* v. *Fisher*, 104 Mich. 262, the lienor, instead of serving notice on the landowner, obtained from him an acceptance of service. It was claimed by the landowner that the statutory requirements had not been complied with, and the proceeding must fail. It was held that, where the landowner has accepted service in lieu of the statutory service, he should not be heard to complain that the statutory steps were not taken, and the decree of the court below was affirmed.

In *De Witt* v. *Smith*, 63 Mo. 263, it is said:

"The courts at one time were inclined to hold that enactments for mechanics' liens were in derogation of the common law, and their provisions should therefore be construed strictly against those who sought to avail themselves of their benefits; but the better doctrine now is that these statutes are highly remedial in their nature, and should receive a liberal construction, to advance the just and beneficent objects had in view in their passage. Their great aim and purpose is to do substantial justice between the parties, and this should never be lost sight of in giving them a practical construction. * * * The object of the law, so far as securing the validity of the lien against the owner is concerned, when a material

man seeks to avail himself of the advantages, is that, by the notice, the owner may keep back enough of the contract price to indemnify himself against the liability.''

In that case it was held that, as between the mechanic and the owner, the lien would not be defeated where the property was described as a three-story brick building on lots 19 and 20, block No. 2, when it should have been block 20, when the evidence disclosed the owner had no other three-story building for which material was furnished by the mechanic, and that he owned no other lots than those in block 20.

In *Maynard* v. *Ivey*, 21 Nev. 241, it is said:

'' The right to liens given to mechanics and laborers is introduced into the statutory law of the States by positive statutes.   These statutes were at first looked upon by the courts to be in derogation of the common law, and hence they were strictly construed.   They have now, however, become an integral part of our law, and their justice and beneficence have become so apparent that it was not intended by the legislature that laborers' lien statements should be strangled by technicalities, but, being remedial in their nature, they were to receive a broad and liberal construction.''

In *Bullock* v. *Horn*, 44 Ohio St. 420, in construing the lien law of that State, this language was used:

''The statute is highly remedial in its character, and should receive such liberal construction as will carry out the purpose of the legislature in its enactment.   The labor of the workman and the material of the material man having contributed to the erection of the structure,—having, indeed, created in part the very property on which the lien is sought to be attached,—the purpose of the law is to give to such parties the right, where the contractor refuses to pay, to be paid for their labor and material out of the fund which has been earned under the contract, and out of the structure and the land upon which it stands; such claim, as to amount, not to be in excess of the claim of the contractor, as measured alone by the contract and his performance of it.''

And it was held the statute should be given such a construction as would carry out its object.

It may be difficult to harmonize all of the language in these decisions. It seems to me, however, that the rule is correctly stated in 2 Jones, Liens, § 1554, where it is said:

" The rule of construction applicable to questions arising under these liens may be strict at one stage of the proceedings, and liberal at another. Mechanics' liens are in derogation of the common law, depending for their existence wholly upon statutes, and therefore, upon the question whether a lien attaches at all, a strict construction is proper."

Section 1556 of the same author reads:

"But, after the lien has once attached, a liberal construction should be put upon the statute, for the purpose of fulfilling its objects. The statute is highly remedial in its nature, and should receive a practical and reasonable construction to effect its objects."

All of the proceedings required by the statute to create a lien, up to the time when proceedings were about to be instituted to enforce the lien, had been taken. The statute does not require the filing of proof of service of notice in order to establish the lien, but simply makes that a prerequisite to the proceedings to enforce the lien. The object of a notice to the landowner is to prevent him from paying the principal contractor. *Lamont* v. *Le Fevre*, 96 Mich. 177. The notice having been given to the landowner within the time required by statute, it is difficult to see how he is harmed by a failure to file proof of service of notice upon him with the register of deeds. The case would be very different if he were an intervening lienor or a subsequent purchaser. He had all the notice that it was possible to give, and I do not see how he can complain of a failure to file proof of the service of a notice upon him with the register of deeds. I think all of the essentials of the statute, so far as they relate to him, have been met. Applying the principles of construction just stated to this case, I am convinced that, if the amended answer was filed in time, the demurrer to it ought to have been overruled.

It is conceded that the original answer was filed in time, but it is insisted it was not proper to allow an amendment to it, and that the amendment came too late. As to the objections to the allowance of an amendment to the answer in the nature of a cross-bill: The amendment was in relation to facts which existed at the time when the original bill was filed. The statute evidently contemplates such amendments. Section 10 of the act provides:

" Amendments may be made to any bill or cross-bill at any time before final order, and, if it shall appear that any party has had insufficient notice of any such [proceedings] proceeding, such further notice shall be given as the court shall think just." Act No. 179, Pub. Acts 1891.

It will be observed this section provides for further notice any time before the final order is made, if such notice is made necessary by the amendment.

Section 27 provides:

" Amendments to any process, pleadings, or proceedings in such actions to enforce the liens given by this act, either in *form or substance*, shall be allowed at any time before final decree is rendered, on application of either party, upon such terms and conditions as justice may require."

The counsel for Mr. Schmidt contend that, where the statute of limitations has run against the cause of action since the commencement of the suit to enforce it, no amendments to the pleadings introducing any new averments will be allowed,—citing *Gorman* v. *Newaygo Circuit Judge,* 27 Mich. 138; *Michigan Central R. Co.* v. *Kalamazoo Circuit Judge,* 35 Mich. 227; *Wingert* v. *Wayne Circuit Judge,* 101 Mich. 395. An examination of these cases will show that the amendments proposed, in each instance, a new and distinct cause of action, while the amendment allowed in the case at bar does not seek to introduce a new cause of action, but to properly state the cause of action which was not sufficiently stated in the original petition. This was allowable under the sections just cited. See *Burk* v. *Muskegon*

*Machine & Foundry Co.*, 98 Mich. 614; *Steel Brick Siding Co.* v. *Muskegon Machine & Foundry Co.*, Id. 616; Phil. Mech. Liens, § 429; *Willer* v. *Bergenthal*, 50 Wis. 474; *Huse* v. *Washburn*, 59 Wis. 414; *Pratt* v. *Montcalm Circuit Judge*, 105 Mich. 499.

As to the objection that an answer in the nature of a cross-bill is not allowed in a proceeding of this kind, it may be said that section 10 of the lien law provides as follows:

(*a*) "The complainant shall make all persons having rights in said property affected or to be affected by such liens so filed in the office of the register of deeds, and all persons holding like liens so filed, and those having filed notice of intention to claim a lien, parties to such action.

(*b*) "And all persons holding like liens, or having filed notice of intention to claim a lien, or any other persons having rights in said property, may make themselves parties thereto on motion to the court and notice to complainant, and may file their intervening or cross bills, *or answers claiming the benefit of cross-bills*, and notices of *lis pendens* therein.

(*c*) "Intervening or cross bills shall be on oath, and all bills sworn to shall be evidence of the matters therein charged, unless denied by answer under oath."

We think the purpose of these provisions of the statute in relation to the pleadings is to provide a practical method by which all the parties in interest can be brought into court and have their respective interests adjudicated in one hearing and in one proceeding. There is no incongruity in providing for an answer in the nature of a cross-bill which shall perform the office of a cross-bill. We can see no particular merit in requiring two pleadings upon separate papers when one will do as well. Evidently the legislature was of that opinion, as indicated by the legislation upon that subject. The pleadings in that respect are unobjectionable. Story, Eq. Pl. § 392; Puter. Mich. Ch. 322; *Feige* v. *Babcock*, 111 Mich. 538; *Thielman* v. *Carr*, 75 Ill. 385.

The demurrer should have been overruled.

The decree is reversed, and defendant Schmidt is given 20 days in which to answer.    Appellant is given costs of this court.

The other Justices concurred.