LACY v. PIATT POWER & HEAT CO.

1. MECHANICS' LIENS—AMENDMENT OF NOTICE—CONSTRUCTION.
   Substituting the name of a wrong party as contractor in the statement of a mechanic's lien is fatal, and not open to amendment in the proceedings for its enforcement.

2. SAME.
   Mechanics' liens, being in derogation of the common law, are strictly construed as to the question whether a lien attaches, but are construed liberally after the lien has been created. 3 Comp. Laws, § 10736.

Appeal from Ingham; Wiest, J. Submitted June 21, 1909. (Docket No. 58.) Decided July 6, 1909.

Bill by Philo E. Lacy against the Piatt Power & Heat Company and others to enforce a mechanics' lien. From a decree dismissing the bill, complainant appeals. Affirmed.

*Morse & Davis*, for complainant.

*Rollin H. Person*, for defendants.

BROOKE, J.   In November, 1905, complainant furnished 110 loads of gravel and 55¾ barrels of Portland cement, which were used in repairing defendants' dam in the city of Lansing, or for filling in a hole below the dam caused by the falling waters.   On January 12, 1906, he filed his sworn statement of lien, asserting therein that he furnished the said materials in pursuance of a contract between himself and the Hydro-Electric Development Company, the contractor.   On the 1st day of February, 1906, the dam was sold by the defendant the Piatt Power & Heat Company, to the defendant the Michigan Power Company, and on the 5th day of July following a bond was given to release said mechanic's lien.   Some time after the filing of said claim of lien by the complainant, he learned that there was no such corporation as the Hydro-Electric Development Company, and that the contractor with whom he had done business was Frank McKean.   In August, 1906, he filed his bill of complaint in the present cause, praying that he be declared to have a valid lien upon the property described in his statement of lien for the sum of $203.53.   His fifth prayer for relief is as follows:

"That your orator may be allowed to amend his said statement of lien by striking out the name 'Hydro-Electric Development Company' now named therein as contractor and inserting in its place and stead the name 'Frank McKean' as contractor."

As authority for making the desired amendment, the complainant relies upon section 10736, 3 Comp. Laws, which reads in part as follows:

"This act is hereby declared to be a remedial statute and to be construed liberally to secure the beneficial results, intents, and purposes thereof; and a substantial compliance with its several provisions shall be sufficient for the validity of the lien or liens hereinbefore provided for, and to give jurisdiction to the courts to enforce the same.   Amendments to any process, pleadings, or proceedings in such actions to enforce the liens given by this

157 MICH.—35.

act, either in form or substance, shall be allowed at any time before final decree is rendered, on application of either party upon such terms and conditions as justice may require."

In discussing the effect of the statute in the case of *Smalley* v. *Terra-Cotta Co.*, 113 Mich. 141 (71 N. W. 466), this court said:

" It seems to me, however, that the rule is correctly stated in 2 Jones on Liens (2d Ed.), § 1554, where it is said:

" 'The rule of construction applicable to questions arising under these liens may be strict at one stage of the proceedings, and liberal at another. Mechanics' liens are in derogation of the common law, depending for their existence wholly upon statutes, and therefore, upon the question whether a lien attaches at all, a strict construction is proper.'

" Section 1556 of the same author reads:

" 'But, after the lien has once attached, a liberal construction should be put upon the statute for the purpose of fulfilling its objects. The statute is highly remedial in its nature, and should receive a practical and reasonable construction to effect its objects.'"

The last portion of section 10736, refers, in our opinion, not to the statement of lien, but by its very terms relates to the process, pleadings, or proceedings in an action for its enforcement.    Again, in *Waters* v. *Johnson*, 134 Mich. 436 (96 N. W. 504), where the lienor claimant had named another person as the owner of the property, it is said:

"The statute, in our judgment, imperatively requires that said owner be named in the claim, save when his name is unknown, in which case it need not be stated, and that service be made upon said owner within 10 days. It follows, therefore, that when the lien claimants proceed against a certain person as the owner, and positively swear in their claim that he is the owner, they will not be permitted to excuse this mistake by pleading ignorance, unless, as hereinafter pointed out, that ignorance is justly chargeable to the owner himself."

Upon principle we are unable to distinguish the case of

*Waters* v. *Johnson, supra,* from the case at bar.   The notice of the lien in question served upon the defendant Piatt Power & Heat Company served no purpose, because it conveyed no information to them that the complainant was furnishing labor or material for any person or corporation with whom it held contractual relations.

Decree affirmed.

OSTRANDER, HOOKER, MOORE, and MCALVAY, JJ., concurred.