## BEZOLD *v.* BEACH DEVELOPMENT CO.

### MULTIPLEX BUILDERS SUPPLY CO. *v.* SAME.

### DETROIT WHITE LEAD & COLOR WORKS *v.* SAME.

1. Mechanics' Liens—Nonlienable Purposes.

   No lien may be had for labor and material furnished in construction of roads, parking grounds, general improvement, or draining land; said purposes being nonlienable under statute (3 Comp. Laws 1929, § 13101).

2. Same—Lien Fails Where Lienable and Nonlienable Items Cannot be Separated.

   Where claim includes both lienable and nonlienable items, and by reason of method of stating them nonlienable items cannot be segregated from general aggregate, entire lien must fail.

As to segregation of lienable and nonlienable items, see annotation in 29 L. R. A. (N. S.) 315.

3. SAME—BURDEN OF PROOF.
   Lien claimant has burden of proof of compliance with statutory requirements to establish lien.

4. SAME—PROCESS—PROOF OF VALID SERVICE NECESSARY.
   Where neither pleadings nor proofs alleged or showed that person on whom service was had was officer or agent of defendant company upon whom service could be made, lien claimant did not sustain burden of proof of valid service necessary to establish lien.

Appeal from Macomb; Spier (James E.), J. Submitted June 8, 1932. (Docket No. 32, Calendar No. 36,478.) Decided September 16, 1932.

Separate bills by Fred Bezold, Multiplex Builders Supply Company, a Michigan corporation, and Detroit White Lead & Color Works, a Michigan corporation, against Beach Development Company, a Michigan corporation, and others to foreclose mechanics' liens. Cases consolidated for trial. Decree for plaintiffs. Defendants Beach Development Company and Standard Accident Insurance Company appeal. Reversed.

*Bert V. Nunneley, Douglas W. Ball,* and *John H. Nunneley,* for plaintiff Bezold.

*Rosenbusch & Retzlaff,* for plaintiffs Multiplex Builders Supply Company and Detroit White Lead & Color Works.

*Younglove & Chockley,* for defendants Beach Development Company and Standard Accident Insurance Company.

FEAD, J. Plaintiffs had decrees of foreclosure of mechanics' liens for materials furnished the Jefferson Beach Amusement Company, vendee under land

contract, which was adjudged bankrupt and its interest in the premises sold to defendant Beach Development Company, which later acquired vendors' title.

*Fred Bezold.*—Claimant filed statement of lien for furnishing "labor and materials in and for the construction of certain roadways and parking grounds," etc. He furnished cinders. At the hearing, he claimed part of them were used in the construction of buildings and he had decree for such part.

The statute, 3 Comp. Laws 1929, § 13101, permits liens for labor and materials used in "any house, building, machinery, wharf or structure, * * * foundation, cellar or basement" for such structure, or "sidewalks or wells." This designation would not include general improvements, roadways or parking grounds.

"Where a claim includes both lienable and nonlienable items, and by reason of the method of stating them the nonlienable items cannot be segregated from the general aggregate, the entire lien must fail." 18 R. C. L. p. 942.

See, also, 40 C. J. p. 247.

Claimant's statement of lien goes even further than the rule in that it affirmatively shows that all the cinders he furnished were for nonlienable purposes, and he had no lien.

Decree is reversed, with costs.

*Multiplex Builders Supply Company.*—Claimant filed statement of lien for "labor and material in and for the erection and construction of a certain house and buildings, etc., and amusement park." It furnished sewer pipe and cement which went into buildings, gravel used partly for buildings and

partly for roads, and drain tile to drain the land. It could not estimate the amount of gravel used in buildings. Construction of roads and draining the land were nonlienable purposes.

The statement of lien included both lienable and nonlienable items without means of separation and was void under the above authorities. See, also, *J. E. Greilick Co.* v. *Taylor,* 143 Mich. 704.

Decree is reversed, with costs.

*Detroit White Lead & Color Works.*—The proof of service of statement of lien recited that an officer "personally served a true copy of the attached lien upon the Jefferson Beach Amusement Company by handing a copy of said lien to Arthur Oehmig;" that he personally served Theodore Halsig and Agnes Halsig, William F. Baecker, and that he served Max R. Mueller, Marie A. Mueller, and William T. Burridge by posting on the premises.

The lien claimant has the burden of proof of compliance with the statutory requirements to establish a lien. *R. C. Mahon Co.* v. *Ford Motor Co.,* 256 Mich. 255; *Roberts* v. *Miller,* 32 Mich. 289.

Oehmig, Halsig, Baecker, and Mueller were vendor owners of the premises. Neither in the pleadings or proofs was it alleged or shown that Oehmig was an officer or agent of the Jefferson Beach Amusement Company, upon whom service could be made. Plaintiff did not sustain the burden of proof of valid service necessary to establish a lien. *Wiltsie* v. *Harvey,* 114 Mich. 131; *Zilz* v. *Wilcox,* 190 Mich. 486.

Decree is reversed, with costs.

CLARK, C. J., and MCDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.