HODGKISS & DOUMA, INC, v WOODWARD DEVELOPMENT
COMPANY

1. MECHANICS' LIENS—STATUTES—ATTACHMENT OF LIEN.

The mechanics' lien statute is strictly construed in determining
whether a lien attaches; however, once a lien is deemed to have
attached, a liberal construction of the statute is given in order
to fulfill its remedial character (MCLA 570.1; MSA 26.281).

2. MECHANICS' LIENS—STATUTES—LEGISLATIVE INTENT—EJUSDEM GE-
NERIS—PARKING LOTS.

The doctrine of *ejusdem generis*, whereby legislative intent is
derived from a statute in which general words follow a designa-
tion of particular subjects and where the general words will
ordinarily be construed as restricted by the particular designa-
tion to include only things of the same kind, class, character or
nature as those specifically enumerated, does not apply to
include parking lots within an amendment to the mechanics'
lien statute where the amendment contains no general words
to which the doctrine can be applied (MCLA 570.1; MSA
26.281).

3. MECHANICS' LIENS—STATUTES—LEGISLATIVE INTENT—PARKING
LOTS.

The mechanics' lien statute does not expressly provide for liens
for construction of parking lots or parking areas, and in view of
the fact that all amendatory expansions of the statute have
been to include specific types of construction items, a legislative
intent to expand coverage beyond the specific items enumer-
ated is not ascertained; the proper forum for argument for the
inclusion of parking lots and parking areas is the Legislature,
not the courts (MCLA 570.1; MSA 26.281).

Appeal from Emmet, Martin B. Breighner, J.
Submitted June 3, 1976, at Grand Rapids. (Docket
No. 25895.) Decided July 21, 1976. Leave to appeal
applied for.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 53 Am Jur 2d, Mechanics' Liens §§ 23, 24.

Complaint by Hodgkiss & Douma, Inc., against
Woodward Development Company, Union Lake
Associates, and Trustees of Citizens Mortgage In-
vestment Trust, for foreclosure of a mechanics'
lien. Summary judgment for defendants. Plaintiff
appeals. Affirmed.

*Clark, Stroup, Brown, MacKenzie & Pointner,*
for plaintiff.

*Schmidt, Heaney, Howlett & Van'T Hof* (by
*Richard A. Kay),* for defendants Woodward Devel-
opment Company and Union Lake Associates.

Before: DANHOF, P. J., and D. E. HOLBROOK and
D. L. MUNRO,* JJ.

D. E. HOLBROOK, J. This case deals with the
interpretation of Michigan's complex and confus-
ing mechanics' lien law, MCLA 570.1; MSA 26.281.
The question presented is whether the construc-
tion of a parking lot or parking area is a lienable
item covered under the statute. The plaintiff,
Hodgkiss & Douma, Inc., instituted this suit for
foreclosure of a mechanics' lien on a shopping
center owned by the defendants. Plaintiff had
constructed the parking area for the shopping
center but apparently had no involvement with
the construction of any of its buildings. After
commencement of the action, the defendants
moved for summary judgment on several grounds.
Arguments on the motion were heard and a deci-
sion rendered on August 19, 1975. The trial judge
ruled that the mechanics' lien statute did not
apply to parking lots and related areas. Accord-
ingly, the defendants' motion for summary judg-
ment was granted. The plaintiff was granted leave

---

* Circuit judge, sitting on the Court of Appeals by assignment.

to amend his complaint to assert a cause of action against defendants on a contract theory.[1] Plaintiff appeals.

The trial judge held *Bezold v Beach Development Co,* 259 Mich 693; 244 NW 204 (1932), to be controlling in the present case. *Bezold* expressly had held that the mechanics' lien statute "would not include general improvements, roadways or parking grounds." 259 Mich at 695; 244 NW at 205. Appellant contends that *Bezold* is no longer controlling because the mechanics' lien statute has been amended several times since this case was decided. We agree with the appellant that the Legislature has deemed it advisable in certain instances to extend the statute to include structures wholly dissimilar in character from those specifically enumerated in the lien law of the 1930's. However, we disagree with appellant as to the legal effect of such legislative action or inaction as it applies to the applicability of the statute to parking lots or parking areas.

The mechanics' lien statute is strictly construed in determining whether a lien attaches. However, once a lien is deemed to have attached, a liberal construction of the statute is given in order to fulfill its remedial character. *J Altman Companies, Inc v Saginaw Plumbing & Heating Supply Co,* 42 Mich App 747; 202 NW2d 707 (1972), *Eastern Construction Co v Cole,* 52 Mich App 346; 217 NW2d 108 (1974). Thus, a distinction is drawn

---

[1] Plaintiff raises the issue of whether the contract cause of action had been stated in the original complaint for the first time at oral arguments on this appeal. The issue was not briefed. We decline to consider this "new issue". It does appear that the trial judge in his order granted plaintiff's motion to assert a cause of action on a contract theory provided that such amended complaint was filed within 30 days from the date of the judge's opinion, August 19, 1975. This plaintiff failed to do. This contract cause of action is not properly before this Court and will not be considered.

between the construction of the statute for purposes of attachment and enforcement. *Altman, supra.* The statute, as it existed at the time *Bezold* was decided, read:

"Every person who shall, in pursuance of any contract, express or implied, written or unwritten, existing between himself as contractor, and the owner, part owner or lessee of any interest in real estate, build, alter, improve, repair, erect, ornament or put in, or who shall furnish any labor or materials in or for building, altering, improving, repairing, erecting, ornamenting or putting in any house, building, machinery, wharf or structure, or who shall excavate, or build in whole, or in part, any foundation, cellar or basement for any such house, building, structure, or wharf, *or shall build or repair any sidewalks* or wells or shall furnish any materials therefor, * * * shall have a lien * * * ." (Emphasis supplied.)

Plaintiff again makes the argument that a parking area also serves as a sidewalk. However, the Court in *Bezold* apparently disapproved of such statutory construction. We feel such argument is controlled by *Bezold.* The present statute, MCLA 570.1; MSA 26.281, although expanded considerably in its coverage, still does not expressly include parking areas. Plaintiff contends that the 1958 amendment to the statute provides for a lien for the construction of parking areas through the doctrine of *ejusdem generis.*

The rule of statutory construction known as *"ejusdem generis"* is the rule whereby legislative intent is derived from a statute in which general words follow a designation of particular subjects. The meaning of the general words will ordinarily be construed as restricted by the particular designation as including only things of the same kind, class, character or nature as those specifically

enumerated. *Healy v Toles,* 266 Mich 584; 254 NW 213 (1934), *People v Smith,* 393 Mich 432; 225 NW2d 165 (1975). The 1958 amendment reads:

"[S]urvey or plat any lot or parcel of land, or portion thereof, or engineer and/or design any sewers, water lines, roads, streets, highways, sidewalks, or prepare and furnish pursuant to such contract to such owner, part owner or lessee of any interest in real estate any survey, plat, plat of survey or design and/or engineering plan, or plans, for the improvement of any lot or parcel of land * * * ."

There is no general term here, however, to which the principal of *ejusdem generis* can be applied. The amendment only pertains to surveying, engineering and designing services. Accordingly, the legislative intent to apply the statute to the construction of parking areas cannot be derived from this amendment.

Plaintiff also contends that the 1963 amendment provides for a lien for parking lots or parking areas. However, the 1963 amendment provided for liens for the renting and leasing of equipment to be used in connection with the land. Therefore, this amendment is inapplicable to the instant case. Other amendments to the statute include expansion of protection of this statute to nursery stock, to swimming pools, to engineering or designing sewers, sewage disposal systems, water lines, streets, sidewalks, etc. All these expansions of the statute have been to specific types of construction items. Therefore, it is difficult to ascertain the legislative intent to expand coverage beyond the specific items enumerated. See, *Healy, supra.*

The Maryland Court of Appeals in *Freeform Pools, Inc v Strawbridge Home for Boys, Inc,* 228 Md 297; 179 A2d 683; 95 ALR2d 1365 (1962), was

similarly asked to extend its state's mechanics' lien statute to swimming pools. The Court declined to do so through statutory interpretation and noted as follows:

"While it is true that under the mechanics' lien law, *supra,* § 32, [Code (1957), Article 63, § 1] the law is remedial and under the decisions of this Court is to be construed in the most liberal and comprehensive manner in favor of mechanics and materialmen, *Reisterstown Lumber Co v Reeder,* 224 Md 499, 507; 168 A2d 385, and cases there cited, Courts have no power to extend it to cases, beyond the obvious designs and plain requirements of the statute. *Basshor v Baltimore & O R R Co,* 65 Md 99, 103; 3 A 285. A mechanics' lien is a claim created by statute and is obtainable only if the requirements of the statute are complied with. *Adkins & Douglas Co v Webb,* 160 Md 571; 154 A 259, and cases collected in 15 MLE, *Mechanics' Liens,* §§ 1, 2, and 3.

\* \* \*

"It is significant that throughout the legislative history of the mechanics' lien law in Maryland the law has been repeatedly amended to include specific lienable structures. For example, more recently a mechanics' lien has been made applicable to grading, landscaping, nursery products, shrubs, and wells. This clearly indicates that the Legislature has never intended that the law be stretched to include within its scope structures which were not clearly within the definition of the items included. If swimming pools are to be lienable it is for the Legislature to specifically include them and not for the courts to extend the provisions of the mechanics' lien law by judicial interpretation." 228 Md at 301–302; 179 A2d at 684–685; 95 ALR2d at 1369–1370.

Although we feel that there is a valid policy argument for the extension of the protection of the mechanics' lien law to contractors who provide parking lots, grading and blacktopping and other

similar commercial necessities, we feel that the proper forum for such argument is in the Legislature and not in the courts. The Supreme Court's decision in *Bezold* has not been changed by statutory amendments or by judicial decision. It remains the law.

Affirmed. No costs, the construction of a statute being involved.