WILLIAM MOORS, INC. v PINE LAKE SHOPPING
CENTER, INC., #2

1. MECHANICS' LIENS—STATUTES—STATUTORY CONSTRUCTION.

The mechanic's lien statute should be strictly construed up to the
time that the lien attaches, but liberally construed after that
point (MCLA 570.1; MSA 26.281).

2. STATUTES—STATUTORY CONSTRUCTION—DOUBTFUL STATUTORY
MEANING—SPIRIT OF STATUTES.

A reasonable construction must be given to a statute to effect the
purpose of the statute where the statutory language is of
doubtful meaning; the spirit of a statute should prevail over the
strict letter to avoid unjust application and absurd conse-
quences.

3. MECHANICS' LIENS—PROTECTION OF MECHANIC'S LIEN STATUTE—
MATERIALS AND LABOR—ROADWAYS—PARKING GROUNDS—STAT-
UTES.

The protection of the mechanic's lien act does not extend to
materials and labor furnished in connection with the construc-
tion of roadways or parking grounds (MCLA 570.1; MSA
26.281).

Appeal from Oakland, Robert L. Templin, J.
Submitted October 6, 1976, at Detroit. (Docket No.
27118.) Decided March 2, 1977. Leave to appeal
applied for and, in lieu thereof, reversed, and the
judgment of the Circuit Court reinstated, 400 Mich
846.

Complaint by William Moors, Inc., against Pine
Lake Shopping Center, Inc., Security Mortgage
Investors and others to foreclose a mechanic's lien.
Stolaruk Asphalt Paving, Inc., was added as a
party defendant. Stolaruk filed a cross-complaint
against Pine Lake to foreclose a mechanic's lien.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 53 Am Jur 2d, Mechanics' Liens §§ 17–25.
[3] 53 Am Jur 2d, Mechanics' Liens § 90.

Summary judgment for Stolaruk on the cross-complaint. Defendant Pine Lake appeals and defendant Security Mortgage Investors cross-appeals. Reversed and remanded.

*Barris, Sott, Denn & Driker* (by *Stephen E. Glazek),* for defendant Pine Lake Shopping Center, Inc., and defendant Security Mortgage Investors.

*Butzel, Levin, Winston & Quint* (by *Robert S. Bolton* and *Richard L. Sanderson, Jr.),* for defendant Stolaruk Asphalt Paving, Inc.

Before: V. J. BRENNAN, P. J., and BRONSON and BASHARA, JJ.

V. J. BRENNAN, P. J. On March 11, 1974, plaintiff William Moors, Inc., filed a complaint in Oakland County to foreclose a mechanic's lien against defendant Pine Lake Shopping Center, Inc. (hereafter Pine Lake) for labor and material provided in construction of a building on Pine Lake's property. By an order of June 19, 1974, defendant Stolaruk Asphalt Paving, Inc. (hereafter Stolaruk) was added as a party. Stolaruk had entered into a contract with Princeton Construction Company in October, 1972, to supply asphalt paving for the shopping center. Stolaruk filed a claim of lien which was properly recorded with the Oakland County Register of Deeds on February 25, 1974.

In a cross-complaint filed on August 2, 1974, Stolaruk alleged that Pine Lake owed Stolaruk $65,766.72 for asphalt paving furnished in connection with the shopping center construction. Stolaruk requested a judgment against Pine Lake and a lien on the shopping center premises.

On August 8, 1975, Pine Lake filed a motion for summary judgment on grounds that Stolaruk was

not entitled to perfect a mechanic's lien for asphalt paving work under the Michigan mechanic's lien statute. MCLA 570.1; MSA 26.281. On October 15, 1975, Stolaruk filed a motion for summary judgment, claiming that Pine Lake had failed to file an answer to Stolaruk's cross-complaint.

On December 19, 1975, Oakland County Circuit Judge Robert L. Templin granted Stolaruk's motion for summary judgment and denied Pine Lake's motion. The trial court ruled that asphalt paving was a lienable item and declared a judgment for Stolaruk for $65,766.72.

Pine Lake filed a claim of appeal on January 7, 1976. On January 13, 1976, defendant Security Mortgage Investors (hereafter Security Mortgage) filed a claim of cross-appeal from the summary judgment order. Security Mortgage is the assignee of a second mortgage on the shopping center and is subordinate to the alleged mechanic's lien's rights of Stolaruk.

On appeal, we must decide whether the Michigan mechanic's lien statute grants the right to claim a lien for labor and materials furnished for the asphalt paving of parking lots and roadways in the construction of Pine Lake's shopping center.

The Michigan mechanic's lien act provides in part:

"Every person who shall, in pursuance of any contract, express or implied, written or unwritten, existing between himself as contractor, and the owner, part owner or lessee of any interest in real estate, build, alter, improve, repair, erect, ornament or put in, survey or plat any lot or parcel of land, or portion thereof, or engineer or design any sewers, water lines, roads, streets, highways, sidewalks, or prepare and furnish pursuant to such contract to such owner, part owner or lessee of any interest in real estate any survey, plat,

plat of survey or design or engineering plan, or plans, for the improvement of any lot or parcel of land not exceeding one-quarter section of land, or who shall furnish any labor or materials in or for building, altering, improving, repairing, erecting, ornamenting or putting in any house, swimming pool, building, machinery, wharf or structure, or who shall excavate, or build in whole, or in part, any foundation, cellar or basement for any such house, swimming pool, building, structure or wharf, or shall build or repair any sidewalks, sewers, sewage disposal equipment, water lines and pumping equipment or wells or shall furnish any materials therefor, or shall furnish any nursery stock, or labor in connection therewith for any property, or shall rent or lease equipment in connection therewith for any property and every person who shall be subcontractor, laborer, or material man, perform any labor or furnish materials or shall rent or lease equipment to such original or principal contractor, or any subcontractor, in carrying forward or completing any such contract, shall have a lien therefor upon such house, swimming pool, building, machinery, wharf, walk or walks, wells, sewers, sewage disposal equipment, water lines and pumping equipment, foundation, cellar or basement, and other structures, and its appurtenances, or upon such nursery stock, and also upon the entire interest of such owner, part owner or lessee in and to the lot or piece of land." MCLA 570.1; MSA 26.281.

One of the principal decisions we must make in this matter is whether a ruling of the Michigan Supreme Court 44 years ago can still be considered sound legal precedent. *Bezold v Beach Development Co,* 259 Mich 693; 244 NW 204 (1932). In *Bezold,* where plaintiff had furnished cinders partly for the construction of buildings and partly for "certain roadways and parking grounds" in a privately owned amusement facility, the Supreme Court refused to sustain a lower court order granting plaintiff a lien. They felt the statute, as then

constituted,[1] permitted liens for labor and materials used in "sidewalks or wells", but ruled this designation "did not include general improvements, roadways or parking grounds".[2] Because the materials provided for these nonlienable purposes were not adequately distinguished in pleading from the rest of the material provided for the lienable building construction, the lien claim failed entirely.

One central proposition which the courts have recognized over the years is the principle that the mechanic's lien statute, being in derogation of common law, must be strictly construed. The principal line of cases calls for such strict construction "until the lien attaches", but a liberal construction after that point, as a remedial measure. See *Spar-*

---

[1] "Every person who shall, in pursuance of any contract, express or implied, written or unwritten, existing between himself as contractor, and the owner, part owner or lessee of any interest in real estate, build, alter, improve, repair, erect, ornament or put in, or who shall furnish any labor or materials in or for building, altering, improving, repairing, erecting, ornamenting or putting in any house, building, machinery, wharf or structure, or who shall excavate, or build in whole, or in part, any foundation, cellar or basement for any such house, building, structure or wharf, *or shall build or repair any sidewalks* or wells *or shall* furnish any materials therefor, and *every person who shall be subcontractor,* laborer, or material man, perform any labor or furnish materials to such original or principal contractor, or any subcontractor, in carrying forward or completing any such contract, *shall have a lien* therefor upon such house, building, machinery, wharf, *walk or walks,* wells, foundation, cellar or basement, and other structures, and its appurtenances, *and also upon the entire interest of such owner,* part owner or lessee *in and to the lot or piece · of land."* 1929 PA No. 264, § 1. (Emphasis added.)

[2] Stolaruk argues the language in *Bezold* excluding liens for labor and materials to construct "parking grounds" was dictum. We grant that the primary holding in *Bezold* involved whether a lien could be awarded where lienable and nonlienable items were consolidated under one undifferentiated claim. We also feel the Court's ruling concerning the nonlienable nature of paving work might be characterized as dictum. However, we are not prepared at this level to reverse 44 years of legal precedent on the basis of such a close question. If the Michigan Supreme Court chooses to view its prior language as dictum, we issue an invitation to do so. Certainly, we feel this interpretation is a conceivable one.

*tan Asphalt Paving Co v Grand Ledge Mobile Home Park,* 71 Mich App 177; 247 NW2d 589 (1976), citing for this proposition. *Spartan Asphalt Paving Co v Tri-Cities Construction, Inc,* 68 Mich App 305, 308; 242 NW2d 565 (1976), *Vorrath v Garrelts,* 35 Mich App 463; 192 NW2d 547 (1971), *Burman v Ewald,* 192 Mich 293; 158 NW 853 (1916), *Lacy v Piatt Power & Heating Co,* 157 Mich 544; 122 NW 112 (1909), *Smalley v Northwestern Terra-Cotta Co,* 113 Mich 141; 71 NW 466 (1897). Another line of cases would apply strict construction generally, without specifying any liberal interpretation after the lien attaches. See *Spartan Asphalt, supra,* citing *Zilz v Wilcox,* 190 Mich 486; 157 NW 77 (1916), *Hannah & Lay Mercantile Co v Mosser,* 105 Mich 18; 62 NW 1120 (1895).

However, in *Spartan Asphalt,* the Court closely analyzed these lines of decision and concluded that most[3] Michigan courts have wrongly employed strict construction where the Legislature clearly intended liberal construction to apply. See MCLA 570.27; MSA 26.307.[4] The principal problem arose when the provision for liberal interpretation of the act became law in 1897,[5] some six years after the original act was passed in 1891.[6] Consequently, decisions prior to 1897 were without fault in using

---

[3] There have been exceptions. *See Fairbairn v Moody,* 116 Mich 61; 74 NW 386 (1898), *On Rehearing,* 116 Mich 65; 75 NW 469 (1898), *Martin v Trautz,* 218 Mich 51; 187 NW 370 (1922), *Hurd v Meyer,* 259 Mich 190; 242 NW 882 (1932), and, much more recently, *Georgia-Pacific Corp v Central Park North Co,* 394 Mich 59; 228 NW2d 380 (1975).

[4] "This act is hereby declared to be a remedial statute and to be construed liberally to secure the beneficial results, intents and purposes thereof; and a substantial compliance with its several provisions shall be sufficient for the validity of the lien or liens hereinbefore provided for, and to give jurisdiction to the courts to enforce the same." MCLA 570.27; MSA 26.307.

[5] *See* 1897 PA 143.

[6] *See* 1891 PA 179.

strict construction as a basic approach to statutory problems.

However, after 1897, cases generally continued to apply strict construction, despite the clear legislative mandate. Many of these decisions simply ignored MCLA 570.27; MSA 26.307, depending on cases antedating the provision. Others simply misconstrued prior case precedent, reading the provision for liberal construction out of the act.[7] What emerges from the discussion in *Spartan Asphalt* is that the mechanic's lien act must be liberally construed and that substantial performance will be adequate to satisfy its provisions.

One exception exists. In 1929, an amendment was added to the act, requiring strict compliance with the provision specifying that notice be given to owners by lien claimants pursuant to claiming a lien. We believe strict construction of the provision is necessary.

However, what we confront in this case is not violation of the notice provisions of the act. Indeed, Stolaruk complied scrupulously with these provisions. What we must determine is whether the mechanic's lien act can exclude provision to claim a lien for paving improvements while allowing liens to other claimants whose services do not substantially differ.

First, we recognize that a primary purpose of this statute is to protect lien claimants who properly observe the requirements to obtain a lien. To this end, we have stated that the statute should be liberally construed. *Georgia-Pacific Corp v Central Park North Co,* 394 Mich 59, 66; 228 NW2d 380 (1975).

Consequently, we share the feelings of frustration reflected by the recent decisions of this Court

---

[7] *See Spartan Asphalt, supra.*

and other courts in applying the *Bezold* decision to defeat claimants like Stolaruk who supply labor and materials for paving. Quoting from the opinion of an able Wayne County Circuit Judge, James Montante, will serve to express our impressions in the matter:

"Do I have any personal feelings about this statute? Yes, I do. I have some very strong feelings, and that is why I said that I very reluctantly grant the motion for summary judgment, because it seems *absurd* to me that the Legislature would have been interested in amending the mechanic's lien statute so as to confer a lien for engineering and surveying services, which would mean, therefore, if an engineer or surveyor is hired merely to survey a plot for the purposes of installation of parking lots and roadways, that that engineer or surveyor could be paid for that work, but, on the other hand, the contractor who lays down the parking lot and the roadways is not to be paid. It seems to me that that is *a silly approach,* but the Legislature knew what the *Bezold* case said, and it chose not to amend the statute but only to amend it in the instance that I have just mentioned. Because of that, I, therefore, have to go along with the defendant's argument as contained in his various briefs filed in support of his motion for summary judgment." (Emphasis supplied.) *R. A. Cousino, Inc, v Village Homes, Inc, et al,* Civil No. 74-037-502-CH (Wayne County, June 28, 1976).

We believe the mechanic's lien statute must be given a construction which is reasonable and which will not undermine the purposes underlying the statute. See 57 CJS, Mechanic's Liens, § 4(b)(1), pp 500–501. Further, where statutory language is of doubtful meaning, a reasonable construction must be given to effect the purpose of the statute, and the spirit of the statute should prevail over the strict letter to avoid an unjust application and absurd consequences. *Webster v Rotary Electric*

*Steel Co,* 321 Mich 526, 531; 33 NW2d 69 (1948). Further, where the language of the statute in its ordinary meaning and grammatical construction leads to absurdity, hardship or injustice, not intended by the statute, a construction which modifies the meaning of the words is permissible. See *Williams v Secretary of State,* 338 Mich 202, 208; 60 NW2d 910 (1953). This Court has also declined to interpret statutes so as to lead to incongruous results. See *Bonner v Moore,* 52 Mich App 80, 81–83; 216 NW2d 458 (1974).

By applying these principles to the statute, we would ordinarily require that material and labor provided for paving be included in the act. We feel the general provision for "improvements" alone would regularly sustain such a finding.[8] We hope

---

[8] Referring to that portion of MCLA 570.1; MSA 26.281 which we cited previously and then cross-referencing to *Bezold, supra,* at 695, we might argue the Supreme Court only determined that suppliers and builders of parking lots did not fall within any of the following three classifications, using the present statutory language:

(1) Persons who "shall furnish any labor or materials in or for building, altering, improving, repairing, erecting, ornamenting or putting in any house, swimming pool, building, machinery, wharf or structure".

(2) Persons who "shall excavate, or build in whole, or in part, any foundation, cellar or basement for any such house, swimming pool, building, structure or wharf".

(3) Persons who "shall build or repair any sidewalks, sewers, sewage disposal equipment, water lines and pumping equipment or wells".

The Court failed to consider the more general language at the beginning of the statute which affords lien opportunities to:

"Every person who shall, in pursuance of any contract, * * * existing between himself as contractor, and the owner * * * of any interest in real estate, build, alter, improve [or] * * * ornament * * * any lot or parcel of land".

That language applies only to general contractors; but, later in the same sentence, the same rights are extended to:

"every person who shall be subcontractor, laborer, or material man, perform any labor or furnish materials * * * to such original or principal contractor * * * in carrying forward or completing any such contract".

In our opinion, that language could conceivably include the services and materials furnished by the plaintiff in the present case. Given the complexity of MCLA 570.1; MSA 26.281, we do not believe that this

the Michigan Supreme Court does so in the very near future. However, until that time, we see no way to avoid the *Bezold* holding.

Our Court has now found itself in this position for the third time in four months and has now expressed dissatisfaction in each instance. See *Spartan Asphalt, supra, Hodgkiss & Douma, Inc, v Woodward Development Co,* 70 Mich App 298; 245 NW2d 725 (1976). In each instance, *Bezold* had been reluctantly applied.[9] We must do so again. Defendant Stolaruk must be denied his rightful lien.

Reversed and remanded for further proceedings.

---

interpretation could ever conclusively be proven right or wrong. Therefore, we will not order reversal on this basis. However, we offer this interpretation as a strong possible alternative if this decision is appealed and the Michigan Supreme Court decides to review its ruling in *Bezold.*

[9] In *Spartan Asphalt, supra,* at 186, this Court observed the following:

*"Bezold v Beach Development Co,* 259 Mich 693; 244 NW 204 (1932), held that the protection of the mechanic's lien act does not extend to materials and labor furnished in connection with the construction of 'roadways or parking grounds'. *Bezold* is directly on point Supreme Court precedent. Thus we must conclude that the plaintiff cannot claim a mechanic's lien in the present case.

*"We reach that conclusion reluctantly."* (Emphasis added.)

In *Hodgkiss, supra,* at 303–304 the Court also stated:

*"Although we feel that there is a valid policy argument for the extension of the protection of the mechanics' lien law to contractors who provide parking lots, grading and blacktopping and other similar commercial necessities,* we feel that the proper forum for such argument is in the Legislature and not in the courts." (Emphasis added.)