SPARTAN ASPHALT PAVING COMPANY v GRAND LEDGE
MOBILE HOME PARK

HODGKISS & DOUMA, INC v WOODWARD DEVELOPMENT
COMPANY

Docket Nos. 58978, 59067. Decided June 2, 1977. On applications by
plaintiffs for leave to appeal the Supreme Court, in lieu of
granting leave to appeal, reversed the decisions of the Court of
Appeals. Rehearing denied 400 Mich 1029.

The issue in these cases is whether paving improvements are
subject to the mechanics' lien statute.

Spartan Asphalt Paving Company did paving work for the gen-
eral contractor of a mobile home park and brought a complaint
for foreclosure of a mechanics' lien, recovery *quantum meruit,*
or creation and foreclosure of an equitable lien against the
owner of the mobile home park, Grand Ledge Mobile Home
Park, and the contractor and mortgagees. The Eaton Circuit
Court, Richard Robinson, J., granted summary judgment for
the defendants on all counts. The Court of Appeals, Allen, P. J.,
and E. H. Papp, J. (D. E. Holbrook, Jr., J., concurring), affirmed
and held that the paving work performed is not covered by the
mechanics' lien statute but remanded for further proceedings
on the plaintiff's motion to amend the complaint (Docket No.
25510). Plaintiff applies for leave to appeal.

Hodgkiss & Douma, Inc., constructed a paved parking area for a
shopping center and brought a complaint for foreclosure of a
mechanics' lien against Woodward Development Company, Un-
ion Lake Associates and others. The Emmet Circuit Court,
Martin B. Breighner, J., granted summary judgment for de-
fendants on the ground that the mechanics' lien statute did not
apply to parking lots and related areas. The Court of Appeals,

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes §§ 142 *et seq.,* 271 *et seq.*
[2] 53 Am Jur 2d, Mechanics' Liens § 238 *et seq.*
[3] 53 Am Jur 2d, Mechanics' Liens §§ 23–25.
[4] 53 Am Jur 2d, Mechanics' Liens §§ 81, 90.
Mechanic's lien for work or material for separate buildings of one
owner. 15 ALR3d 73.

Danhof, P. J., and D. E. Holbrook and D. L. Monro, JJ., affirmed (Docket No. 25895). Plaintiff applies for leave to appeal. *Held:*

1. The Legislature directed that the mechanics' lien statute, because of its remedial nature, must be construed liberally to carry out its intended purpose of benefiting and protecting subcontractors, materialmen and laborers. This legislative mandate must prevail over previous judicial pronouncements to the contrary.

2. The mechanics' lien statute gives a lien on a house or building to subcontractors who may perform any labor or furnish materials in carrying forward or completing any contract whose object is to improve any lot or parcel of land. The statute, liberally construed, requires treating the paving improvements for the mobile home park and the shopping center as the performance of labor and the furnishing of materials in connection with the improvement of land and therefore subject to the mechanics' lien statute. To the extent that previous case law may be read as holding otherwise, it is overruled.

Reversed.

71 Mich App 177; 247 NW2d 589 (1976) reversed.

70 Mich App 298; 245 NW2d 725 (1976) reversed.

*Bezold v Beach Development Co,* 259 Mich 693; 244 NW 204 (1932), overruled in part.

1. STATUTES—CONSTRUCTION—LEGISLATIVE INTENT.

The premier rule of statutory construction is to discover and to give effect to the intent of the Legislature.

2. MECHANICS' LIENS—STATUTES—SUBCONTRACTORS.

The mechanics' lien statute gives a lien on a house or building to subcontractors who may perform any labor or furnish materials in carrying forward or completing any contract whose object is to improve any lot or parcel of land (MCL 570.1; MSA 26.281).

3. MECHANICS' LIENS—STATUTES—LEGISLATIVE INTENT—CASE LAW.

The Legislature directed that the mechanics' lien statute, because of its remedial nature, must be construed liberally to carry out its intended purpose of benefiting and protecting subcontractors, materialmen, and laborers; the legislative mandate must prevail over previous judicial pronouncements to the contrary (MCL 570.27; MSA 26.307).

4. MECHANICS' LIENS—PAVING IMPROVEMENTS.

Paving improvements of a mobile home park and a shopping center are the performance of labor and the furnishing of

materials in connection with the improvement of land and thus are subject to the mechanics' lien statute (MCL 570.1; MSA 26.281).

*Brown & Winckler* for plaintiffs.

*Farhat, Burns & Story, P. C.* (by *Vittorio E. Porco)* for defendants Grand Ledge Mobile Home Park and Jack R. Courshan.

*Schmidt, Howlett, Van'T Hof, Snell & Vana* for defendants Woodward Development Company and Union Lake Associates.

PER CURIAM. The issue common to these cases is whether paving improvements are subject to the mechanics' lien statute. MCLA 570.1; MSA 26.281. We hold that they are.

Plaintiff Spartan Asphalt Paving Company did paving work for the general contractor of a mobile home park. When the general contractor failed to pay, plaintiff filed a several-count complaint against defendant Grand Ledge Mobile Home Park, a limited partnership that owns property on which the mobile home park has been constructed. The first count of the complaint was based on the mechanics' lien statute, the second on *quantum meruit,* and the third on equitable lien. Plaintiff appealed following the trial judge's grant of the defendant's motion for summary judgment on all three counts. The Court of Appeals "reluctantly" concluded that the paving work plaintiff had performed is not covered by the mechanics' lien statute. 71 Mich App 177, 186; 247 NW2d 589 (1976).

Plaintiff Hodgkiss & Douma is an asphalt paving company that constructed a parking area for the general contractor of a shopping center owned by the defendants. When the general contractor failed to pay, plaintiff sought to foreclose a mechanics'

lien on the premises for the work done. The trial judge ruled that the mechanics' lien statute did not apply to parking lots and related areas. The Court of Appeals affirmed. 70 Mich App 298; 245 NW2d 725 (1976).

Plaintiffs lost in the courts below largely because of (1) our decision in *Bezold v Beach Development Co,* 259 Mich 693, 695; 244 NW 204 (1932); and (2) the line of cases holding that the mechanics' lien statute must be strictly interpreted "until the lien attaches", only thereafter to be liberally interpreted. See, *e.g., Smalley v Northwestern Terra-Cotta Co,* 113 Mich 141, 148; 71 NW 466 (1897).

The premier rule of statutory construction is to discover and give effect to the intent of the Legislature. *Moore v Department of Military Affairs,* 398 Mich 324, 327; 247 NW2d 801 (1976). Extracting the Legislature's intent from the tangle of words and clauses that comprises the mechanics' lien statute is difficult and tedious. The following quotation represents only about one-third of the statute's first sentence:

"Every person who shall, in pursuance of any contract, express or implied, written or unwritten, existing between himself as contractor, and the owner, part owner or lessee of any interest in real estate, build, alter, *improve,* repair, erect, ornament or put in, survey or plat *any lot or parcel* of land, or portion thereof, or engineer or design any sewers, water lines, roads, streets, highways, sidewalks, or prepare and furnish pursuant to such contract to such owner, part owner or lessee of any interest in real estate any survey, plat, plat of survey or design or engineering plan, or plans, for the improvement of any lot or parcel of land not exceeding one-quarter section of land, or who shall furnish any labor or materials in or for building, altering, improving, repairing, erecting, ornamenting or put-

ting in any house, swimming pool, building, machinery, wharf or structure, or who shall excavate, or build in whole, or in part, any foundation, cellar or basement for any such house, swimming pool, building, structure or wharf, or shall build or repair any sidewalks, sewers, sewage disposal equipment, water lines and pumping equipment or wells or shall furnish any materials therefor, or shall furnish any nursery stock, or labor in connection therewith for any property, or shall rent or lease equipment in connection therewith for any property, and *every person who shall be subcontractor,* laborer, or material man, *perform any labor or furnish materials* or shall rent or lease equipment to such original or principal contractor, or any subcontractor, *in carrying forward or completing any such contract, shall have a lien therefor upon such house,* swimming pool, *building,* machinery, wharf, walk or walks, wells, sewers, sewage disposal equipment, water lines and pumping equipment, foundation, cellar or basement, *and other structures, and its appurtenances* * * * ." MCLA 570.1; MSA 26.281 (emphasis supplied).

For our purposes here, the statute appears to give a "lien" on a "house [or] building" to subcontractors who may "perform any labor or furnish materials * * * in carrying forward or completing any * * * contract" whose object is to "improve * * * any lot or parcel of land".

In determining whether plaintiff's paving work is encompassed by the foregoing statutory language, we are mindful of the Legislature's directive that the mechanics' lien statute, because of its remedial nature, must be construed liberally to carry out its intended purpose of benefiting and protecting subcontractors, materialmen, and laborers:

"This act is hereby declared to be a remedial statute and to be construed liberally to secure the beneficial results, intents and purposes thereof; and a substantial

compliance with its several provisions shall be sufficient for the validity of the lien or liens hereinbefore provided for * * * ." MCLA 570.27; MSA 26.307.

This legislative mandate must prevail over previous judicial pronouncements to the contrary. See, *e.g., Smalley, supra.*

The statute, liberally construed, requires us to treat plaintiffs' paving improvements in connection with the construction of the mobile home park (Spartan Asphalt Paving Company) and the shopping center (Hodgkiss & Douma) as the performance of labor and the furnishing of materials in connection with the improvement of land. Thus, we hold that plaintiffs' paving improvements are subject to the mechanics' lien statute. *Bezold,* we feel, does not compel a contrary conclusion.

The terse opinion in *Bezold* did not expand upon the reasons for the conclusion there reached, nor did it indicate an awareness of the legislative directive that the mechanics' lien statute be liberally construed. Moreover, the present statute is more expansive than the one in effect at the time of *Bezold:*

"Every person who shall, in pursuance of any contract, express or implied, written or unwritten, existing between himself as contractor, and the owner, part owner or lessee of any interest in real estate, build, alter, improve, repair, erect, ornament or put in, or who shall furnish any labor or materials in or for building, altering, *improving,* repairing, erecting, ornamenting or putting in *any house, building, machinery, wharf or structure,* or who shall excavate, or build in whole, or in part, any foundation, cellar or basement for any such house, building, structure or wharf, or shall build or repair any sidewalks or wells or shall furnish any materials therefor, and every person who shall be subcontractor, laborer, or material man, perform any labor or furnish materials to such original or principal con-

tractor, *or any subcontractor, in carrying forward or completing any such contract, shall have a lien therefor* upon such house, building, machinery, wharf, walk or walks, wells, foundation, cellar or basement, and other structures, and its appurtenances * * * ." 1929 PA 264, 1929 CL 13101 (emphasis supplied).

The 1929 version limited the lien to improvements "in any house, building, machinery, wharf or structure". The present version covers improvements for "any lot or parcel of land". The language of the present statute, in conjunction with the legislative directive to construe liberally, covers asphalt paving which improves a parcel of land. To the extent *Bezold* may be read as holding otherwise, it is overruled.

Our conclusion finds support in the rule that where "language is of doubtful meaning, a reasonable construction must be given, looking to the purpose subserved thereby". *People v McFarlin,* 389 Mich 557, 563; 208 NW2d 504 (1973) (quoting *Webster v Rotary Electric Steel Co,* 321 Mich 526, 531; 33 NW2d 69 [1948]). The construction industry has become much more specialized than it was in the Nineteenth Century when the mechanics' lien statute was enacted. To accept defendant's invitation to rule that an object is excluded from lien coverage unless expressly mentioned in the statute would have the effect of removing the specialty contractors from the protection of the statute. Most importantly, it would contravene the intent of the Legislature to provide a remedial, liberally construed statute "to establish, protect, and enforce by lien the rights of mechanics and other persons furnishing labor or materials for the" improvement of land.

Pursuant to GCR 1963, 853.2(4), in lieu of leave

to appeal, we reverse the Court of Appeals in each case.

The *Spartan Asphalt Paving Co* case is remanded to the Fifth Circuit Court for proceedings not inconsistent with this opinion. The application for leave to cross-appeal is considered, and it is denied, because the cross-appellants have failed to persuade the Court that the question presented should be reviewed by this Court.

The *Hodgkiss & Douma, Inc* case is remanded to the Thirty-Third Circuit Court for proceedings not inconsistent with this opinion.

No costs in either case, a public question.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.